Filed 6/11/26  P. v. Cates CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAYLEN MITCHEL CATES,<br><br>Defendant and Appellant. | F089992<br><br>(Super. Ct. No. BF200245A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Andrew Kendall, Judge.

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, David A. Lowe and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

The trial court found defendant Jaylen Mitchel Cates violated the conditions of his probation after taking judicial notice of its own records, including a recent jury verdict that convicted defendant of a misdemeanor offense committed while on probation. It then sentenced defendant to a term of prison and ordered him to pay the assessments previously imposed when he was placed on probation. Defendant argues that the trial court erred in taking judicial notice of its own records because they were not certified and by imposing the assessments without determining his ability to pay. Because defendant failed to raise either objection in the trial court, we conclude they have been forfeited and will affirm the judgment.

**PROCEDURAL BACKGROUND[1]**

The District Attorney of Kern County filed a complaint on July 10, 2024, charging defendant with attempted first degree burglary (Pen. Code,[2] §§ 664, 460, subd. (a); count 1) and sexual battery by restraint (§243.4, subd. (a); counts 2–4). After the court granted the prosecutor's motion to amend the complaint to charge misdemeanor sexual battery (§ 243.4, subd. (e)(1); count 5), defendant waived his right to a preliminary hearing and pleaded guilty to counts 1 and 5 in exchange for a sentence of credit for time served and dismissal of the remaining counts.

On September 12, 2024, the court suspended imposition of defendant's sentence as to count 1 and placed him on formal probation for a term of two years with conditions, including that he refrain from any further violations of the law. As to count 5, the court ordered defendant to serve 133 days in county jail with credit for time served. The court also ordered defendant to pay victim restitution (§ 1202.4, subd. (f)) and the fines and

---

[1] We do not summarize the facts concerning defendant's underlying offenses because they are unnecessary to the resolution of his claims in this appeal.

[2] Undesignated statutory references are to the Penal Code.

fees recommended by probation, including $300 restitution and suspended probation revocation restitution fines (§§ 1202.4, subd. (b), 1202.44), a penalty assessment of $930,[3] $80 in court operations assessments (§ 1465.8), and $60 in criminal conviction assessments (Gov. Code, § 70373).  The court recognized that defendant was entitled to a hearing on his ability to pay the imposed fines and fees and directed him to request such a hearing if he desired.  The record contains no such request.

On March 19, 2025, the probation officer filed a declaration letter requesting that defendant's probation be revoked because he committed a new law violation on February 21, 2025, and was charged with a violation of section 647.6, subdivision (a)(1) in Kern County Superior Court case No. BX000966A.  Defendant denied violating the conditions of his probation.  The court noted that defendant was facing two misdemeanor charges that were the basis for the probation violation.

When defendant appeared for his revocation hearing on June 9, 2025, the court asked defense counsel if he was aware that "there was a guilty verdict issued in one of the misdemeanor cases."  Counsel responded, "I am," but questioned whether the court could take judicial notice of the conviction which was pending appeal.  The court advised that it could take judicial notice of the verdict and that it would establish the probation violation despite being subject to appeal.  The prosecutor agreed that the probation violation was based upon the conduct charged in case No. BX000966A and, pursuant to Evidence Code section 452.5, the court could take judicial notice of its own record and "certified evidence of a conviction" to establish defendant violated the law.  The court advised, "Once there's a finding and a jury verdict, then it's conclusively established for these purposes.  A jury verdict is beyond a reasonable doubt.  This is, [referring to the

---

**3**      This penalty assessment included a $300 state penalty assessment (§ 1464, subd. (a)), a $210 county penalty assessment (Gov. Code, § 76000, subd. (a)), a $30 DNA identification penalty (Gov. Code, § 76104.6), a $120 state DNA identification penalty (Gov. Code, § 76104.7), a $150 court construction penalty (Gov. Code, § 70372, subd. (a)), a $60 emergency medical facilities penalty (Gov. Code, § 76000.5), and a $60 state surcharge (§ 1465.7).

probation violation hearing], … by a preponderance of the evidence." Defense counsel responded, "I'm aware of that, Your Honor."

Thereafter, the court indicated it would "take judicial notice of [case No.] BX000966A. A guilty verdict was rendered on May 30th, 2025. It's still pending, the sentencing, but, nonetheless, the guilty verdict, the Court finds, is conclusive evidence that violation has occurred." The prosecutor asked the court to take judicial notice of the court's own file in the instant case, No. BF200245A, as well as a certified copy of defendant's criminal history. The court granted the request: "The Court does take judicial notice of the record and its own files in [case No.] BF200245A, and the declaration letter that was referenced was filed March 19, [20]25, alleging the new law violation in that same case [No.], BX000966A, from which he has since been convicted." The court asked whether defendant had any evidence concerning the violation, and defense counsel responded, "We would object to the case being used in that way[,] that's being appealed. Submit." The court noted that an appeal had not yet been filed as the sentencing hearing was scheduled for June 25, 2025, and reiterated that it could rely on the jury verdict for purposes of the probation violation.

The court found defendant had violated the conditions of his probation, revoked his probation, and sentenced him to the middle term of two years in prison. The court further ordered him to pay victim restitution (§ 1202.4, subd. (f)), the still unpaid $300 restitution fine (§ 1202.4, subd. (b)) previously imposed on September 12, 2024, the previously suspended probation revocation restitution fine (§ 1202.44), a $300 suspended parole revocation restitution fine (§ 1202.45), and the previously imposed and unpaid $80 in court operations assessments (§ 1465.8) and $60 in criminal conviction assessments (Gov. Code, § 70373).

Defendant filed a timely notice of appeal on June 16, 2025.

4.

## DISCUSSION

**I.** *By failing to raise the objection to the trial court, defendant forfeited his objection that the court erred in taking judicial notice of the court's own records in case No. BX000966A because they were not officially certified.*

Defendant argues that the trial court erred by finding that he violated the terms of his probation based upon court records that had not been properly certified by the court clerk. (See Evid. Code, § 452.5.) Before the trial court, defendant objected to the court's reliance upon the jury's guilty verdict in his misdemeanor case because the case was pending appeal. He did not argue that the records had not been properly certified.

To preserve an evidentiary issue for appeal, the objecting party must make a timely objection stating the specific ground on which it is made. (Evid. Code, § 353, subd. (a); *People v. Williams* (2008) 43 Cal.4th 584, 620.) While the statute does not require any particular form of objection, it " 'must be made in such a way as to alert the trial court to the nature of the anticipated evidence and the basis on which exclusion is sought, and to afford the [prosecution] an opportunity to establish its admissibility.' [Citation.] What is important is that the objection fairly inform the trial court, as well as the party offering the evidence, of the specific reason or reasons the objecting party believes the evidence should be excluded, so the party offering the evidence can respond appropriately and the court can make a fully informed ruling. If the court overrules the objection, the objecting party may argue on appeal that the evidence should have been excluded for the reason asserted at trial, but it may not argue on appeal that the court should have excluded the evidence for a reason different from the one stated at trial." (*People v. Partida* (2005) 37 Cal.4th 428, 435; see *People v. Zavala* (2024) 105 Cal.App.5th 366, 373, fn. 2.)

Evidence Code section 452.5 makes admissible "[a]n official record of conviction certified in accordance with subdivision (a) of [Evidence Code s]ection 1530" (*id.*, subd. (b)(1)) to prove not only the fact of the conviction but also that the offense reflected

5.

in the record occurred. (See *People v. Wesson* (2006) 138 Cal.App.4th 959, 968–969 [trial court properly admitted court documents to prove not only that Wesson had suffered prior conviction, but also to prove he committed the underlying offenses].)

Defendant argues that the record does not indicate the court records were "certified" as an official record of the conviction—although we note it appears that the court was reading from defendant's own Kern County Superior Court case file in the misdemeanor case, which would contain the original. Although it is true that the prosecutor did not purport to introduce a certified copy into evidence, the point is that, if defendant had adequately objected on the ground that his jury verdict was not the proper subject of judicial notice, the prosecutor could have pursued the matter further and caused the record to be certified if it had not been certified already. Defendant's objection to the guilty verdict to establish his probation violation only alerted the court to his view that the court could not rely upon a verdict that was still pending appeal. It was not sufficient to alert the court that the court records required official certification.

Because defendant did not object on this ground at trial, he cannot now raise this issue on appeal. (*People v. Seaton* (2001) 26 Cal.4th 598, 642–643; see *People v. Diaz* (1992) 3 Cal.4th 495, 527–528.)

**II.** ***Defendant forfeited his claim that the trial court violated due process and equal protection when imposing assessments without determining whether defendant had the ability to pay.***

### A. Background

According to the presentence investigation report, defendant was 30 years old, in good health, had completed 12 years of high school and three years of college, and had no history of drug or alcohol abuse at the time the trial court placed him on probation. Defendant was not married, had no children, and reported that he was self-employed, earned $50,000 a year, had no debts, and paid $700 per month for rent.

When the court placed defendant on probation in September 2024, it also imposed court operations and criminal conviction assessments. At that time, the court advised defendant that he could request a hearing on his ability to pay, but defendant did not object to the assessments. Defendant did not appeal from the court's order. The probation officer's revocation declaration, which initiated the revocation proceedings approximately one year later, clearly set forth its recommendation to reimpose the prior fines and assessments. After revoking defendant's probation, the trial court sentenced defendant to a term of prison and reimposed the $40 court operations and $30 criminal conviction assessments for count 1. Defendant failed to raise any issue as to his ability to pay even after the court ordered defendant to pay them at the probation revocation hearing.

## B. Analysis

Defendant contends the trial court violated his state and federal rights to due process and equal protection by imposing the assessments. He argues the trial court was required to determine his ability to pay before imposing the assessments, relying on *People v. Kopp* (2025) 19 Cal.5th 1 (*Kopp*); *People v. Dueñas* (2019) 30 Cal.App.5th 1157, disapproved in part by *Kopp*, at page 23, footnote 17; and *People v. Son* (2020) 49 Cal.App.5th 565. Defendant does not challenge the restitution award or the restitution fines. Although he did not object, defendant argues that his trial counsel rendered ineffective assistance by failing to object. The People maintain that forfeiture bars defendant's claim and defendant has failed to demonstrate counsel was ineffective.

As explained below, we reject defendant's arguments against application of the forfeiture doctrine and that his counsel was ineffective. We conclude defendant forfeited any challenge to the court operations or criminal conviction assessments.

### (1) Forfeiture.

Section 1465.8, subdivision (a)(1) states: "To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal

7.

offense."  Government Code section 70373, subdivision (a)(1) states:  "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense ….  The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony …."  "Both costs are mandatory." (*Kopp, supra*, 19 Cal.5th at p. 15.)

Our Supreme Court recently held in *Kopp* that a trial court must "upon request, [] consider a defendant's inability to pay before imposing a court operations assessment under Penal Code section 1465.8, subdivision (a)(1) or a court facilities assessment under Government Code section 70373, subdivision (a)(1)."  (*Kopp, supra*, 19 Cal.5th at p. 30.) As the court explained, this is so because it violates a defendant's right of equal protection under the law to deny them the opportunity to demonstrate that they are unable to pay when civil litigants are given that opportunity.  (*Id.* at pp. 32–33.)

"In general, a defendant who fails to object to the imposition of fines and fees at sentencing forfeits the right to challenge those fines and fees on appeal."  (*People v. Ramirez* (2023) 98 Cal.App.5th 175, 224.)  Because defendant did not challenge the imposition of any of the fines or fees on any basis in the trial court, he has forfeited any appellate argument regarding his ability to pay.[4]  (*People v. Wilson* (2023) 14 Cal.5th 839, 867.)  Defendant argues that because our Supreme Court's decision in *Kopp* was "a change in unsettled law," the court remanded the matter so that the defendant could have an opportunity to request consideration of his ability to pay.  However, in *Kopp*, codefendant Hernandez did object to imposition of the fines and assessments and requested the trial court to consider his ability to pay.  (*Kopp, supra*, 19 Cal.5th at p. 10.) Defendant here made no such request, nor did he object to the assessments.

---

[4]     Defendant also argues that the trial court violated his right to due process.  We do not address this argument light of defendant's failure to raise it in the trial court.

8.

Additionally, both *People v. Dueñas, supra*, 30 Cal.App.5th 1157 (decided in 2019) and *People v. Son, supra*, 49 Cal.App.5th 565 (decided in 2020) would have alerted defendant to these legal issues approximately four years before the hearing at which he was granted probation and the court originally imposed the assessments and five years before the assessments were reimposed at the probation revocation hearing. Thus, defendant had the benefit of these earlier court decisions, which recognized his right to object to the imposition of assessments if he did not have the ability to pay.

Defendant argues that we should disregard his failure to object because imposition of the assessments without an ability to pay hearing violated his constitutional rights and constituted an illegal sentence. The failure to object in the trial court generally forfeits a sentencing claim on appeal. (*People v. Tillman* (2000) 22 Cal.4th 300, 302; *People v. Scott* (1994) 9 Cal.4th 331, 351.) This principle is applicable to constitutional claims. (*People v. Trujillo* (2015) 60 Cal.4th 850, 859; *People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.) Defendant correctly acknowledges that *Scott* recognized that an unauthorized sentence "constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal." (*Scott*, at p. 364.) However, a sentence is only " 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case," such as where a trial court violates mandatory provisions governing the length of a sentence. (*Id.* at p. 354.) "[C]laims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Ibid.*) The assessments imposed in this case are not illegal, but the court has discretion to waive them if defendant is unable to pay. Therefore, defendant's sentence was not rendered unlawful by imposition of the assessments where defendant failed to raise the issue.

Defendant requests that we exercise our discretion to permit defendant's challenge despite forfeiture. We decline to do so in this case. " '[D]iscretion to excuse forfeiture

9.

should be exercised rarely and only in cases presenting an important legal issue.' " (*In re Sheena K., supra*, 40 Cal.4th at p. 888, fn. 7.)  Here, as stated, defendant had ample notice prior to sentencing of *People v. Dueñas* and *People v. Son*, the appellate decisions on which he now relies to advance his constitutional claim.

### (2)    *Ineffective assistance of counsel.*

"In order to establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance." (*People v. Mickel* (2016) 2 Cal.5th 181, 198, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687–692.)  "To demonstrate deficient performance, defendant bears the burden of showing that counsel's performance ' " ' "fell below an objective standard of reasonableness … under prevailing professional norms." ' " ' [Citation.]  To demonstrate prejudice, defendant bears the burden of showing a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*Mickel*, at p. 198.)

"[C]ertain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceeding." (*People v. Mickel, supra*, 2 Cal.5th at p. 198.)  "The record on appeal may not explain why counsel chose to act as he or she did.  Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable." (*Ibid.*)  "Moreover, we begin with the presumption that counsel's actions fall within the broad range of reasonableness, and afford 'great deference to counsel's tactical decisions.' [Citation.]  Accordingly, [the California Supreme Court] ha[s] characterized defendant's burden as 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had ' " 'no rational tactical purpose' " ' for an action or omission." (*Ibid.*)

The record before us does not reveal why defense counsel did not object to the criminal conviction or court operations assessments. There could have been legitimate reasons why defense counsel may have chosen not to object, including defendant's $50,000 a year income from his self-employment. (See *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076 [" ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody.' "].)

We once again emphasize that the record is silent on the matter. Having found forfeiture, our analysis ends.

**DISPOSITION**

The judgment is affirmed.

HILL, P. J.

WE CONCUR:


PEÑA, J.


HARRELL, J.